UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JERAMYE MORGAN HOBBS                                              PETITIONER
ADC #164590

V.                       No. 4:21-cv-00288-JM-JTR

DEXTER L. PAYNE, Director,
Arkansas Division of Correction                                   RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Background

On April 12, 2021, Jeramye Morgan Hobbs, a/k/a Khanis Orion Morningstar ("Hobbs"), purportedly signed and filed the "Petition for Writ of Habeas Corpus" in this case. However, the Petition is also signed by Rickey Ashley ("Ashley"), as the "Attorney" for Hobbs. The only return address on the envelope used to mail the

Petition to the Court is Ashley's address at the Tucker Maximum Security Unit. *Doc. 2 at 13, 16.*

The Petition does not allege any grounds for Hobbs to challenge his custody. Instead, it asserts previously dismissed habeas claims *filed by Ashley*. As one of the most notoriously litigious three-strikers in ADC history,[1] Ashley surely must know this thinly disguised subterfuge will not fool the Court into believing that Hobbs is the real party in interest. Thus, it appears Ashley's real purpose in pursuing this charade is to waste scare judicial resources and be an annoyance to the Court, something he appears to enjoy.[2]

---

[1]Ashley has been a "three-striker" for almost 20 years. *Ashley v. Beam*, 4:02-cv-00188-GTE. As early as 2005, he was described as one of the "most highly abusive filers in the Eastern District of Arkansas." See *Ashley v. Reasoner*, 4:05-cv-00465 WRW (E.D. Ark. March 29, 2005) (summarizing Ashley's history of frivolous lawsuits in the Eastern District of Arkansas). By 2012, Ashley had filed at least fifty § 1983 lawsuits. See *Ashley v. Young, et al.*, 4:12-cv-00379-BSM.

[2]Over the last three years, Hobbs has filed eight §1983 actions, all of which have been dismissed, without reaching the merits. At least one of those dismissals counts as a strike. See *Hobbs, v. Kelley, et al.*, No. 5:18-cv-00198-KGB (dismissed for failure to follow Court Order); *Morningstar v. Battle, et al.*, No. 4:19-cv-00012-BSM (dismissed for failure to follow Court Order); *Morningstar/Hobbs v. Kelley, et al.*, No. 4:19-cv-00207-KGB (dismissed on Morningstar's motion after Order noted he failed to state a claim); *Morningstar v. Kelley, et al.*, No. 4:19-cv-00212-KGB (dismissed on Morningstar's motion after Recommendation for dismissal and a "strike"); *Morningstar v. Battle, et al.*, No. 4:19-cv-00239-SWW (dismissed due to lack of service); *Morningstar v. Arkansas Department of Correction*, No. 4:20-cv-00066-BSM (dismissed for failure to prosecute); *Morningstar v. Mallett, et al.*, No. 4:20-cv-00835-JM (dismissed for failure to follow Court Order); *Morningstar/Hobbs v. Kelley, et al.*, No. 4:20-cv-00905-KGB (dismissed for failure to prosecute).

Hobbs' signature on the habeas Petition appears to have been forged by Ashley. Thus, it is unclear whether Hobbs actually participated with Ashley in formulating and filing this abusive habeas action. Accordingly, the Court does not believe there is a sufficient predicate for imposing any filing sanctions against Hobbs. For the same reason, the habeas Petition in this case should not

In 2020, after filing a number of frivolous and repetitive habeas actions, Ashley was placed on the Court's restricted filer list.[3] See *Ashley v. Payne*, 4:20-cv-00839-SWW (identifying Ashley's multiple frivolous habeas petitions and ordering that he be placed on the Court's restricted filer list); *Ashley v. Payne*, 4:20-cv-00770-KGB (same). Undaunted by this setback, Ashley has recently begun filing habeas actions, like this one, in the names of other prisoners, but then using them as a vehicle for asserting *his own* frivolous and previously rejected habeas claims.[4]

For the reasons explained below, this patently frivolous and vexation habeas action should be dismissed, *with prejudice*. Because Ashley is already a restricted filer,[5] I further recommend that the Court impose a $500 sanction against Ashley for initiating this action.[6]

---

count as a "second or successive habeas action" if Hobbs later files a §2254 habeas action asserting *his own* habeas claims.

[3]As a consequence, the Clerk's office was directed not to file any future pro se habeas petitions submitted by Ashley without prior approval from the Judge to whom the case was assigned.

[4]Including this petition, Ashley has filed at least five habeas petitions in the name of other inmates. See *Gray v. Payne*, 4:21-cv-00356-LPR-PSH; *Landers v. Arnold,* 4:21-cv-00385-BRW; *Dorn v. Payne*, 4:21-cv-00289-JM-JTR; and *Gibbs v. Payne*, 4:21-cv-439-KGB-JTR.

[5]See *Ashley v. Payne*, 4:20-cv-00839-SWW.

[6]Imposition of monetary sanctions is appropriate when a petitioner's frivolous, vexatious, or "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist." *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997).

## II. Discussion

Ashley has filed at least *eight pro se* habeas Petitions in his name. His first two habeas petitions were dismissed, with prejudice, for failure to exhaust his remedies in state court. The Eighth Circuit later dismissed his attempted appeals in those cases. *Ashley v. Payne*, No. 4:19-cv-00624-SWW, appeal dismissed, No. 29-1103 (8th Cir. July 10, 2020); *Ashley v. Payne*, No. 4:20-cv-203-SWW, appeal dismissed, No. 20-2210 (8th Cir. July 20, 2020).

At the screening stage, Ashley's next four habeas filings were all determined to be frivolous. See *Ashley v. Payne*, No. 4:20-cv-00723-BSM (dismissed as frivolous); *Ashley v. Payne*, No. 4:20-cv-00726-SWW; *Ashley v. Payne*, No. 4:20-cv-00788-DPM (dismissed as frivolous and for failure to exhaust); *Ashley v. Payne*, No. 4:20-cv-00770-KGB (dismissal as frivolous).

This is at least the fifth habeas Petition filed by Ashley, acting as the "attorney" for the putative petitioner.[7] While the signature line on Hobbs' Petition bears the hand-written name "Khanis O. Morningstar," directly below that signature, the pre-printed habeas form states: "If the person signing is not the petitioner, state the relationship to the petitioner and explain why petitioner is not signing the

---

[7] See *Gray v. Payne*, 4:21-cv-00356-LPR-PSH; *Landers v. Arnold,* 4:21-cv-00385-BRW; *Dorn v. Payne*, 4:21-cv-00289-JM-JTR; and *Gibbs v. Payne*, 4:21-cv-439-KGB-JTR.

petition." *Doc. 2 at 14*. *Ashley*, in his own handwriting, provides the following explanation: "My name is Rickey Ashley and I'm a fellow prisoner incarcerated with Mr. Morningstar at the same prison. The ADC's administration and the federal judges attempt to stop inmates from helping one another." *Id*. *By providing this response*, Ashley *admits he – not Hobbs a/k/a Morningstar – signed the habeas petition*. Finally, in the top left corner of the envelope used to mail this habeas Petition to the Court, the return address is "Rickey Ashley; Maximum Security Unit; 2501 State Farm Road; Tucker, Arkansas 72168-8713." *Doc. 2 at 16*.[8]

1. **This Petition Is the "Last Straw"**[9]

In his habeas Petition in *Ashley v. Payne*, E.D. Ark. No. 4:20-cv-00726-SWW, Ashley alleged that United States District Judge Susan Webber Wright, United States Magistrate Judge J. Thomas Ray, and Saline County Circuit Judge Gary Arnold "illegally forged the criminal records" in two of Ashley's state court cases. *Id*., *Doc. 2 at p. 5*. Additionally, Ashley alleged that Judge Arnold "advised Ashley on 08-16-2018 that the whites have out smarted N[ ]s since the slave days. And that

---

[8]Ashley completed identical responses on the last pages of the habeas Petitions he signed and filed on behalf of the other putative filers in *Gray v. Payne*, 4:21-cv-00356-LPR-PSH; *Landers v. Arnold*, 4:21-cv-00385-BRW; *Dorn v. Payne*, 4:21-cv-00289-JM-JTR; and *Gibbs v. Payne*, 4:21-cv-439-KGB-JTR. The transmitted envelopes used to mail all of those habeas Petitions to the Court also bear only Ashley's name and return address.

[9]The Oxford English Dictionary defines this phrase to mean: "A further difficulty or annoyance . . . coming on top of a whole series of difficulties, that makes a situation unbearable."

5

'Documentations' can be changed by the whites to read whatever the whites want whenever the whites want and there isn't a damn thing n[ ]s can do about it." *Id*., *Doc. 2 at p. 6*. On June 29, 2020, the Court dismissed Ashley's habeas Petition as frivolous, finding that the allegations in support of his claims were, on their face, "so frivolous and malicious" that Ashley could only be pursuing them "in bad-faith and with a malevolent intent." *Id*., *Doc. 4 at 4*, *Doc. 6*.[10]

Thereafter, Ashley initiated two more habeas actions making the same or substantially similar claims against those three judges. See *Ashley v. Payne*, 4:20-cv-00770-KGB, *Doc. 2* at pp. 2, 27 (alleging that "Judges Susan Webber Wright; J. Thomas Ray & Gary M. Arnold have illegally 'forged' sentencing orders within Ashley's [state court] cases" and "knowingly subjected Mr. Ashley to double jeopardy"); *Ashley v. Payne*, 4:20-cv-00788-DPM, *Doc. 2* at p. 2 (alleging that "Judges Susan Webber Wright, Gary M. Arnold, and J. Thomas Ray have forged or

---

[10] A habeas Petition that contains only frivolous or malicious claims must be dismissed at the screening stage of review, under Rule 4, Rules Governing § 2254 Cases in United States District Courts; § 2254 Rule 1(b) (§ 2254 Rules may be applied to other habeas corpus petitions); and 28 U.S.C. § 1915A(b) ("the court shall . . . dismiss the complaint . . . if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted."). See *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952) ("While it is important that no prisoner be denied justice because of his poverty, it is also important that the prison authorities, government counsel, and the courts be not harassed by patently repetitious, meritless, frivolous or malicious proceedings."). A pleading which contains factual allegations and legal conclusions "is frivolous where it lacks even an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A pleading may be dismissed as frivolous if it is "based on an indisputably meritless legal theory," a "clearly baseless," or a "fantastic or delusional" factual scenario. *Id*. at 327-28.

caused to be forged the sentencing order[s]" and were "given off the record authorization to do so" by Donald Trump and Clarence Thomas.).

In the habeas Petition in this case, Ashley uses Hobbs' name to reassert *his own* frivolous and previously rejected habeas claims. Furthermore, Ashley's own habeas claims, masquerading as Hobbs' habeas claims, are almost identical to the ones Ashley made in the habeas Petitions he drafted and signed as "the attorney" for prisoners in *Dorn v. Payne*, 4:21-cv-00289-JM-JTR and *Gibbs v. Payne*, 4:21-cv-439-KGB-JTR.[11]

In keeping with everything Ashley files, his claims in this case are so fanciful and outlandish that they "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations and dismiss *pro se* plaintiff's complaint as frivolous). Finally, apart from the vexatious nature of these claims, they also do not provide a ground for habeas relief because the constitutionality of the petitioner's incarceration is *not* challenged. See 28 U.S.C.

---

[11]All three habeas Petitions allege that police, FBI, ATF, federal judges, state circuit judges, and Arkansas and United States Supreme Court justices all work together to corruptly alter records and transcripts and illegally keep American citizens incarcerated, all for monetary incentives. *Doc. 2 at 1-5*. The Petitions also accuse: (1) Saline County Circuit Court Judge Gary Arnold of sexually assaulting Ashley; and (2) "state and federal officials" of covering up this sexual assault. *Doc. 2 at 6-7*. Finally, the Petitions accuse "Caucasian state and federal judges" of racist discrimination in the performance of their duties. *Doc. 2 at 8*.

§2254(a) ("a district court shall entertain [a habeas petition] . . . only on the ground that [the person] is in custody in violation of the Constitution or laws or treaties of the United States.").

### 2. Sanctions Against Ashley Are Now Appropriate

Ashley's latest conduct is nothing short of an attempt to perpetrate a fraud on the Court. He has been *repeatedly warned* that, if he continues to file frivolous and malicious habeas actions, it will result in more penalties or restrictions being imposed that go beyond his current designation as a "restricted filer." See *Ashley v. Payne*, No. 4:20-cv-00723-BSM, *Docs. 6, 9*; *Ashley v. Payne*, No. 4:20-cv-00726-SWW, *Docs. 4, 6*; and *Ashley v. Payne*, No. 4:20-cv-00770-KGB, *Doc. 3*.

Accordingly, I recommend that the Court impose a $500 monetary sanction against Ashley, for initiating this action, with the $500 to be collected from Ashley's Inmate Trust Account at the ADC any time the balance in that Account exceeds $5.00.[12]

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

---

[12]"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). Further, imposition of monetary sanctions is appropriate when a petitioner's frivolous, vexatious, or objectively conduct continues despite warnings to desist. *Alexander*, 121 F.3d at 315-16.

1.   Ashley's habeas Petition, *Doc. 2*, filed in Hobbs' name, be dismissed, *with prejudice*.

2.   The Court impose a $500 monetary sanction against Ashley, with the $500 to be collected from Ashley's Inmate Trust Account at the ADC any time the balance in that Account exceeds $5.00

3.   A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this 19th day of July, 2021.

                                              */s/ J. Thomas Ray*
                                      UNITED STATES MAGISTRATE JUDGE